802

UNITED STATES of AMERICA,

v.

William FRISBY, Appellant.

No. 02–2413.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Oct. 31, 2003.

Decided Nov. 12, 2003.

Joel D. Goldstein, Office of United States Attorney, Philadelphia, PA, for Appellee.

Robert E. Sletvold, Lauer & Sletvold, Easton, PA, William Frisby, pro se, Atlanta, GA, for Appellant.

Before: SCIRICA, Chief Judge,
NYGAARD and AMBRO Circuit Judges.

OPINION OF THE COURT

SCIRICA, Chief Judge.

Defendant William Frisby appeals his conviction and sentence after a jury found him guilty of multiple federal offenses relating to his participation in a series of armed bank robberies in the Philadelphia area.[1]  Defense counsel filed a brief and motion to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Frisby has received a copy of defense counsel's brief and was afforded an opportunity to file a *pro se* brief, but has failed to do so.  We exercise jurisdiction under 28 U.S.C.

---

1. Frisby was found guilty on nine counts:
   Count 1–Conspiracy to Commit Bank Robbery (18 U.S.C. § 371)
   Count 2–Attempted Armed Bank Robbery (18 U.S.C. § 2113(d))
   Counts 3 and 5–Using a Firearm During a Crime of Violence (18 U.S.C. § 924(c))
   Counts 4 and 6–Armed Bank Robbery (18 U.S.C. § 2113(d))
   Counts 7, 8 and 9–Felon in Possession of a Firearm (18 U.S.C. §§ 922(g)(1), 924(e)).
   Frisby was sentenced to 492 months in prison, and ordered to pay restitution in the amount of $26,439.00.

§ 1291. For reasons that follow, we will affirm the judgment of conviction and will grant defense counsel's motion to withdraw.

## I.

Frisby and three associates were involved in a conspiracy to commit armed bank robberies in Philadelphia and the surrounding suburbs. Between August 2000 and December 2000, Frisby acted as the gunman in two completed armed bank robberies and one attempted armed bank robbery. In January 2001, one of Frisby's co-conspirators began cooperating with the government, and he tape-recorded conversations in which Frisby and another co-conspirator planned their next armed robbery. During these conversations, Frisby mentioned his .380 handgun and the fact that he had recently purchased a magazine for the gun.

On January 31, 2001 FBI agents executed a search warrant at Frisby's residence. After gaining entry, agents took Frisby and a co-conspirator into custody. Frisby then asked to speak to the FBI case agent, Vito Roselli. Roselli was summoned, and Frisby asked what the agents were doing. Roselli informed Frisby that he was under arrest for several bank robberies, and that his home would be searched. Roselli specifically told Frisby that the agents were searching for the gun used in the robberies. At this point Frisby stated that he did not want his home torn apart, and that the .380 gun was in a bottom dresser drawer in his bedroom. Immediately after making this statement, agents read Frisby his *Miranda* rights. Frisby subsequently repeated the statement about the .380 gun, and answered several questions from the agents about where other items related to the robberies could be found. Agents found the .380 gun in the location that Frisby described.

Prior to trial, the government filed a motion in limine, seeking a ruling on the admissibility of the statements Frisby made before being advised of his *Miranda* rights. The District Court found that Frisby's pre-*Miranda* statements were not made in response to questions directed at him by the agents, and that the agents had done nothing that could be characterized as inducing Frisby to make a statement. Therefore, the court concluded that Frisby's pre-*Miranda* statements were voluntary, and would be admissible at trial.

## II.

Frisby's appointed counsel has filed a brief and motion to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). To ensure that the defendant/appellant in such cases receives adequate representation, the Third Circuit has adopted Local Appellate Rule 109.2(a), which implements the guidelines announced by the Supreme Court in *Anders:* [2]

> Where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which shall be served upon the appellant and the United States. The United States shall file a brief in response. Appellant may also file a brief in response *pro se*. After all briefs have

---

**2.** The Supreme Court has explained that states are not bound by the exact *Anders* guidelines, but are free to adopt other procedures which adequately safeguard an indigent defendant's right to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 272–276, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

been filed, the clerk will refer the case to a merits panel. If the panel agrees that the appeal is without merit, it will grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, it will discharge current counsel, appoint substitute counsel, restore the case to the calendar, and order supplemental briefing.

Third Circuit L.A.R. 109.2(a).

Our inquiry in an *Anders* case is two-fold. First, we must determine whether defense counsel has satisfied the *Anders* requirements. Second, we must determine whether an independent review of the record presents any nonfrivolous issues. *U.S. v. Youla,* 241 F.3d 296, 300 (3d Cir.2001) (citing *U.S. v. Marvin,* 211 F.3d 778, 780 (3d Cir.2000)).

To satisfy the *Anders* requirements, defense counsel's brief must (1) demonstrate that counsel has thoroughly searched the record for possible issues, and (2) explain why such issues are frivolous. *Youla,* 241 F.3d at 300. Counsel need not raise every possible claim, but must show he or she has made a conscientious examination of the record for appealable issues. *Id.*

In this case, defense counsel's review of the record presented one possible issue for review the admissibility of Frisby's pre-*Miranda* statement about the location of the .380 gun. Defense counsel correctly concludes that this claim lacks any basis in fact or law. As the Supreme Court stated in *Rhode Island v. Innis,* 446 U.S. 291, 300, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980), "the special procedural safeguards outlined in *Miranda* are required not where a suspect is simply taken into custody, but rather where a suspect in custody is subjected to interrogation." "Interrogation" occurs not only when the police subject a suspect to express questioning, but also results from "words or actions on the part of

police officers that they *should have known* were reasonably likely to elicit an incriminating response." *Id.* at 302. Here, although Frisby was in custody at the time he revealed the location of the gun, he was not under police interrogation. Frisby himself asked to speak with Agent Roselli, questioned Roselli about what the agents were searching for, and then volunteered the location of the .380 gun to avoid having his home "torn apart" in the search. The agents had no reason to know that informing Frisby of the objects of their search would cause him to immediately respond that the gun was in his bedroom. The District Court properly concluded that Frisby's pre-*Miranda* statements were voluntary, and admissible at trial.

### III.

As defense counsel's brief satisfies the *Anders* requirements, and our independent review of the record finds no non-frivolous issues for appeal, we will affirm the judgment of conviction and sentence. Defense counsel's motion to withdraw is granted.